UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PIERRA P. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:06-1076 |
| | ) | Judge Trauger/Bryant |
| JOHN E. POTTER, Postmaster | ) | **Jury Demand** |
| General of the United States, | ) | |
| | ) | |
| Defendant. | ) | |

**TO: The Honorable Aleta A. Trauger**

**REPORT AND RECOMMENDATION**

This case was referred to the Magistrate Judge for report and recommendation on dispositive motions (Docket Entry No. 2), and was later transferred from Magistrate Judge Knowles to the undersigned (Docket Entry No. 17).

Defendant has filed his motion for summary judgment (Docket Entry No. 24). This motion is supported by the declaration of Janet Jones and accompanying exhibits (Docket Entry No. 27), a statement of undisputed facts (Docket Entry No. 26), and a memorandum of law (Docket Entry No. 25). Plaintiff's response to this motion was due on or before January 2, 2009; however, no response was filed.

On January 8, 2009, the undersigned Magistrate Judge entered an order extending the response deadline to January 16, 2009 and advising the plaintiff that her failure to respond in opposition to this motion within this extended deadline may cause the undersigned Magistrate Judge to recommend that defendant's motion for summary judgment be granted (Docket Entry No. 28).

Despite this order and the extended deadline, plaintiff still has not responded to defendant's motion.

## Statement of the Case

Plaintiff Pierra P. Jones, an African-American employee of the U.S. Postal Service proceeding <u>pro se</u>, has alleged in her amended complaint that she was denied promotion to the position of postmaster due to illegal discrimination based upon her race and color, in violation of Title VII of the Civil Rights Act of 1964 (Docket Entry No. 20). As relief, Ms. Jones seeks prospective promotion, back pay, front pay, and compensatory damages. (<u>Id.</u>)

Defendant admits that Ms. Jones applied for promotion to the position of postmaster at Old Hickory, Tennessee, and that she was invited along with other applicants to interview for this position. Defendant admits that Ms. Jones was not selected for the position, but asserts that the applicant chosen was more qualified than Ms. Jones, and that the failure to choose Ms. Jones for this promotion was not based upon illegal discrimination.

## Summary of Pertinent Facts

From the record before the Court, which in the absence of any opposition by plaintiff is undisputed, it appears that the United States Postal Service in October 2005 announced a vacancy in the position of postmaster for Old Hickory, Tennessee, and invited eligible applicants to apply for this position (Docket Entry No. 27-1, p. 1). Plaintiff, who was then employed by the U.S. Postal Service as postmaster of Cedar Hill, Tennessee, submitted her application (Docket Entry No. 27-1, pp. 5-14).

Ms. Jones was one of four candidates invited to interview for the Old Hickory postmaster position (Docket Entry Nos. 27-1, p. 4 and 27-5). Following interviews with the four candidates, Tracy Mofield, Manager of Post Office Operations, chose Marty A. White, a white male, and not plaintiff, for the Old Hickory postmaster position. Mr. Mofield's stated reasons for choosing Mr. White for this position were his "considerable" experience in city delivery management (Docket Entry No. 27-1, p. 2). Moreover, Mr. Mofield stated in his EEO affidavit that Old Hickory had twelve (12) city routes and two (2) rural routes, and that the postmaster, therefore, needed to have "an in-depth knowledge of city delivery." (Docket Entry No. 27-2, p. 1). Mr. White, on one hand, "had a tremendous amount of city delivery experience as Supervisor at a Level 20 office with city delivery, and was serving as DOIS Coordinator, and Growth Coordinator for MPOO [Manager of Post Office Operations] 7." (Id.) In addition, "Mr. White had extensive experience conducting city route inspections, and also possessed experience conducting city route adjustments." (Id.) In contrast, "Mrs. Jones had practically zero city delivery experience." (Id.) "Her experience [was] mainly limited to Level 18 and below offices with rural routes." (Id.) "Her city carrier experience [was] very limited." (Id.)

## Standard of Review

Federal Rule of Civil Procedure 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

3

movant is entitled to judgment as a matter of law." In order to succeed on a summary judgment motion, the movant must prove the absence of a genuine issue of material fact regarding an essential element of the opposing party's action. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order for a dispute of material fact to be genuine, the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). More than a mere scintilla of evidence is required to support a nonmovant's position in order to defeat a motion for summary judgment. Id. at 252.

In response to a motion for summary judgment, "the non-moving party bears the responsibility to demonstrate that summary judgment is inappropriate under Rule 56(e)." Davidson & Jones Dev. Co. v. Elmore Dev. Co., Inc., 921 F.2d 1343, 1349 (6th Cir. 1991). The nonmoving party may not rest on any conclusory allegations contained in the complaint; it must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Fed.R.Civ.P. 56(e)(2); Celotex, 477 U.S. at 324.

The court must view all the evidence in the light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. Bender v. Southland Corp., 749 F.2d 1205, 1210-11 (6th Cir. 1984).

## Analysis

Plaintiff Jones, an African-American female, asserts that she was unlawfully denied a promotion to the position of postmaster of Old Hickory, Tennessee, due to illegal discrimination based upon

4

her race and gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Section 2000e-2(a) provides in pertinent part as follows:

> It shall be an unlawful employment practice for an employer —
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin. . . .

This "disparate treatment" case is subject to the following tripartite analysis, with the ultimate burden of proving discrimination remaining on plaintiff at all times: (1) the plaintiff must establish a *prima facie* case of discrimination; (2) the employer must offer evidence of a legitimate, nondiscriminatory reason for its actions; and (3) the plaintiff must prove that the reason offered is a pretext for intentional discrimination. Kent County Sheriff's Ass'n v. County of Kent, 826 F.2d 1485, 1492 (6th Cir. 1987) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).

The general elements required for a plaintiff to prove a *prima facie* case are: (1) that she belongs to a racial minority; (2) that she was considered for and denied a promotion; (3) that she was qualified for the position sought; and (4) that the promotion was awarded to a person outside the protected class. See Grizzell v. City of Columbus Div. of Police, 461 F.3d 711, 719 (6th Cir. 2006); see also Mitchell v. Toledo Hosp., 964 F.2d 577, 582

5

(6th Cir. 1992) (citing McDonnell Douglas, 411 U.S. at 802; Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981)). It appears that Mr. Jones, from the undisputed facts, makes out a *prima facie* case in that: (1) she is an African-American; (2) she was denied this promotion; (3) she was qualified, as evidenced by her invitation to interview, and (4) the promotion was awarded to Mr. White, a white male. Therefore, the analysis must proceed to the second step.

Defendant here asserts that Mr. White was awarded this promotion over plaintiff for a legitimate, nondiscriminatory reason — Mr. White's experience in conducting and supervising city delivery was described as "tremendous" and "extensive," while Ms. Jones's experience in city delivery was described as "practically zero." (Docket Entry No. 27-2, p. 1). Moreover, experience in city delivery was shown to be a legitimate consideration because Old Hickory "has 12 city routes and 2 rural routes which required an in-depth knowledge of city delivery." (Id.) Ms. Jones's experience consisted primarily of smaller post offices with rural routes. (Id.) From these facts, the undersigned Magistrate Judge finds that defendant has offered evidence of a legitimate, nondiscriminatory reason for its decision to award this promotion to Mr. White and not to plaintiff.

The analysis of this case, therefore, proceeds to the third step: plaintiff must prove that the reason offered by defendant is in fact a pretext for intentional discrimination. See

6

Case 3:06-cv-01076   Document 30   Filed 01/28/09   Page 6 of 8 PageID #: 113

McDonnell Douglas, 411 U.S. at 802-05; Burdine, 450 U.S. at 255-56. She may succeed in this step directly by showing that a discriminatory reason more likely motivated the defendant employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. Burdine, 450 U.S. at 256. Here, however, plaintiff has filed no response in opposition to defendant's motion for summary judgment, nor has she responded to defendant's statement of undisputed facts, as required by local rules. Upon consideration of the undisputed facts in this record, the undersigned Magistrate Judge finds that plaintiff has failed to offer any evidence that defendant's stated reason for awarding this promotion to Mr. White is a pretext for intentional discrimination, and, therefore, that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED** and that the complaint, as amended, be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said

objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

      **ENTERED** this 28th day of January 2009.

                          <u>s/ John S. Bryant</u>
                          JOHN S. BRYANT
                          United States Magistrate Judge